UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 19 2010 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA,

v.

KAYBIE COSME,

Defendant.

06-CR-608

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On December 21, 2006, Kaybie Cosme pled guilty to count one of a two-count superseding indictment which charged that between June 1, 2006 and August 24, 2006, Cosme and Michael Poupart, together with others, conspired to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II).

Cosme was sentenced on December 14, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be 29 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 87 and 108 months. The offense carried a minimum term of imprisonment of ten years and a maximum term of imprisonment of life. It was conceded by the parties, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met, and the statutory minimum sentence did not apply. The guidelines range of fine was from $15,000 to $4,000,000. Count two of the superseding indictment and the underlying indictment were dismissed upon motion by the government.

Cosme was sentenced to time served and three years supervised release. A $100 special assessment was imposed. No fine was imposed because the defendant does not, and will not in the future, have assets to pay a fine.

2

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court departed from the guidelines pursuant to the government's 5K1.1 letter, and in light of the fact that Cosme's cooperation lead to the unraveling of a very significant drug distribution ring operating out of Puerto Rico and distributing drugs in the New York City area. 18 U.S.C. § 3553(e). The sentence was imposed with the consent of the parties and in consideration of the fact that Cosme's cooperation with the government may cause him danger.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Defendant's harsh upbringing, his mental problems, his cooperation under dangerous conditions, the substantially beneficial effect of that cooperation to the government, and his good conduct under supervised release received consideration. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. Cosme's approximately 15 months in custody sufficiently satisfies general deterrence because the world will know that he served some time in prison for his crime regardless of his cooperation with the government. Specific deterrence is satisfied because it is improbable that Cosme will engage in further criminal activity in light of his lack of any prior criminal history, acceptance of responsibility, cooperation with the government, good conduct under supervised release, and supportive family members.

																																			_____
Jack B. Weinstein
Senior United States District Judge

Dated: January 13, 2010
      Brooklyn, New York

4